UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN E. BETTYS,

          Plaintiff,

   v.

KEVIN QUIGLEY, et al.,

          Defendants.

CASE NO. 16-cv-5076 RJB-JRC

ORDER RE: SUPPLEMENTAL BRIEFING

      This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Dkt. 47.

      In his amended complaint, plaintiff alleges, among other things, violation of the Fourteenth Amendment based on his alleged subjection to more restrictive conditions of confinement than provided in the Washington Department of Corrections ("WDOC") to prison inmates. *See* Dkt. 13. Plaintiff appears to allege that each particular condition or restriction complained of is a separate violation of the Fourteenth Amendment.

As alleged, a reduction in hours of sexual offender treatment program ("SOTP") may rise to the level of a constitutional violation under the Fourteenth Amendment with respect to conditions of confinement, especially given plaintiff's allegation that his liberty depends on completion of this program. However, it is less obvious how other allegedly more restrictive conditions, such as the lack of horseshoe pits or baseball bats, can establish a constitutional violation.

Furthermore, although plaintiff alleges that his conditions of confinement are more restrictive than those of his criminal counterparts in the WDOC, it is unclear if plaintiff contends that his conditions of confinement should be compared to the particular facility within the WDOC where he previously was incarcerated, to an average of the conditions of confinement experienced by inmates in the WDOC, or to some other, or less restrictive, prison environment, such as a work release program, for instance.

Therefore, the parties are instructed to submit to the Court supplemental briefing on the following issues:

1) Should the Court separate out various alleged restrictions or conditions of plaintiff's confinement and consider recommending granting defendants' motion to dismiss as to some or all of the claimed restrictions or conditions; or should the Court view plaintiff's factual allegations regarding his restrictions or conditions of confinement as a cumulative condition of confinement?

2) If the Court should consider each restriction or condition in isolation, which ones, if any, do not rise to the level of a constitutional violation if plaintiff's allegations are taken as true, and thus should be dismissed?

3) Are there conditions of confinement for civil detainees because of their designation as a sexually violent offender that may be more restrictive than their criminal counterparts?  If so, which ones are at issue in this case?

4) What standard should the Court apply in making the determination of whether or not each restriction or condition, (or the cumulative effect of all of the restrictions or conditions), violates plaintiff's Fourteenth Amendment right to less restrictive conditions of confinement than experienced by criminal counterparts?

Defendants shall file a supplemental brief on these issues in support of their motion to dismiss by September 2, 2016. Plaintiff shall have until September 23, 2016 to file a responsive supplemental brief. Any reply brief by defendants should be filed by September 30, 2016.  The supplemental briefs shall not exceed ten pages.  The reply brief, if any, shall not exceed three pages.

The clerk is directed to re-note the motion to dismiss for consideration on September 30, 2016.

Dated this 17th day of August, 2016.

J. Richard Creatura
United States Magistrate Judge

ORDER RE SUPPLEMENTAL BRIEFING - 3