UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN E. BETTYS,

          Plaintiff,

v.

KEVIN QUIGLEY, et al.,

          Defendants.

CASE NO. 16-cv-5076 RJB-JRC

ORDER GRANTING PLAINTIFF'S REQUEST FOR COUNSEL

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is plaintiff's motion to appoint counsel. Dkt. 61.

The Court, in the interests of justice and because of the complexity of the case, grants petitioner's request for the appointment of counsel.

**BACKGROUND**

Plaintiff is a non-prisoner, civilly detained Sexual Violent Predator ("SVP") detained at the Special Commitment Center ("SCC") at McNeil Island in Pierce County, Washington. Amended Complaint, Dkt. 13, ¶ 1. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed an

amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the First, Eighth and Fourteenth Amendments and conspiracy under 42 U.S.C. §§ 1985, 1986. *Id*. He indicates in his amended complaint that he was transferred to SCC on February 24, 2015, "with all civil rights restored through release from criminal confinement." *Id.* ¶ 4.1. According to plaintiff's complaint, defendants are employed by the SCC or the Department of Social and Health Services ("DSHS") at the SCC. *See id.* at ¶¶ 1.2-1.18.

Plaintiff alleges that he "is subject to punitive conditions of confinement at SCC, more restrictive than criminal condition of confinement in the criminal prison." *Id.* at ¶ 4.1.  For example, he contends that he does not receive "the required twenty-nine plus hours per month of sexual offender treatment programming (S.O.T.P.) that criminal counterpart[s] enjoy in Washington State Department of Corrections (WDOC) facility, violating plaintiff's substantive due process protected right to less restrictive conditions of confinement between February 24, 2015 to present date." *Id.* at ¶ 4.2 (citing Exhibit A at #18, Exhibit B). Plaintiff further complains that his substantive due process rights are violated by various actions, such as defendants' "blocking television channels, programs and access the criminal counterparts enjoy in WDOC." *Id.* at ¶ 4.3; *see also id.* at ¶¶ 4.4-4.14 (specific medical care, access to a law library, refusal of various "services and equipment," visitations services, access to telephone calls). Plaintiff seeks monetary damages as well as injunctive and declaratory relief. *Id.* at ¶ 4.14.

On May 20, 2016, defendants filed a motion to dismiss. Dkt. 47. On August 17, 2016, due in part to the complexity of the legal issues involved, this Court ordered supplemental briefing on defendants' motion to dismiss. Dkt. 53. On September 6, 2016, plaintiff filed a motion to appoint counsel. Dkt. 61.

**STANDARD OF REVIEW**

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

**DISCUSSION**

Here, this case is at an early stage in the proceedings, and the likelihood of success on the merits cannot be fully evaluated. However, the Court notes the seriousness of plaintiff's allegation that he does not receive "the required twenty-nine plus hours per month of sexual offender treatment programming (S.O.T.P.) that criminal counterpart[s] enjoy in Washington State Department of Corrections (WDOC) facility, violating plaintiff's substantive due process protected right to less restrictive conditions of confinement between February 24, 2015 to present date." Amended Complaint, Dkt. 13 at ¶ 4.2 (citing Exhibit A at #18, Exhibit B). Plaintiff alleges that defendants provide plaintiff "less than 15 hours of S.O.T.P. each month, when knowing

WDOC is providing the criminal counterpart twenty-nine plus hours SOTP each month, as plaintiff participated in WDOC sex offender treatment in 2014, before arriving at the SCC facility, enjoying twenty-nine plus hours of SOTP each month." Dkt. 13, ¶ 5.1. Plaintiff also notes that his "actual liberty during 2014 was not dependent on completion of the WDOC program, unlike his liberty at the SCC facility that directly depends on completion of the SOTP for release." Dkt. 13, ¶ 5.1. Plaintiff contends that providing "civil detained SVP persons at the SCC facility" fewer hours of SOTP then provided to WDOC prisoners violates his Fourteenth Amendment right to less restrictive conditions of confinement than provided his criminal counterpart, especially given that his liberty is dependent on completion of this SOTP program. *Id.*

Although it is clear that civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish" under the Fourteenth Amendment, *Jonas v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982)), the Ninth Circuit has not clearly defined what "more considerate treatment and conditions of confinement" is in relation to many of the conditions plaintiff sets forth in his complaint.  Also, since conditions of confinement may be different at different correctional facilities, depending upon the particular facility and the level of confinement, for instance, the case law does not clearly define whether the treatment of civil detainees and their conditions of confinement should be compared to the best of the correctional facilities or the average of those facilities.  Furthermore, it is conceivable that there may be special conditions that are appropriate for civil detainees, which may be different and possibly more restrictive than someone who is incarcerated but who is not a sexually violent predator. Therefore, the challenge for this Court is to determine whether plaintiff's allegations rise to the

ORDER GRANTING PLAINTIFF'S REQUEST
FOR COUNSEL - 4

level of a constitutional violation or whether they are simply indicative of different conditions because of the unique circumstances of his civil detention.

Therefore, the legal issues involved are complex, and plaintiff's ability "to articulate his claims pro se in light of the complexity of the legal issues involved" is not great. *See Wilborn*, 789 F.2d at 1331 (*quoting Weygandt*, 718 F.2d at 954).

While he has been able to articulate his claims, the complexity of some of the legal issues militates in favor of appointment of counsel. Therefore, the interests of justice require that counsel be appointed.

The relevant statute, 28 U.S.C. §1915(e)(1), reads:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (e)(1) The court may request an attorney to represent any person unable to afford counsel.

28 U.S.C. §1915.

## CONCLUSION

Having reviewed the amended complaint and the request for counsel, the motion to dismiss, and plaintiff's Declaration and Motion to proceed in forma pauperis, filed on February 1, 2016 (Dkts. 1, 2), which was granted on March 11, 2016, (Dkt. 12), the Court grants plaintiff's motion for appointment of counsel.

Once counsel has had an opportunity to review the case, the Court will entertain a motion to supplement the briefing and give defendants an opportunity to respond. Any such motion

1  should be filed by October 10, 2016, with any response filed by October 21, 2016. The Clerk's

2  office is directed to note this matter for October 21, 2016.

3       Dated this 14th day of September, 2016.

                                                  J. Richard Creatura
                                                  United States Magistrate Judge