1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   JOHN E BETTYS,

11                     Plaintiff,                    CASE NO. 3:16-CV-05076-RJB-JRC

12        v.                                         ORDER DENYING MOTION TO
                                                     APPOINT COUNSEL
13   KEVIN QUIGLEY et al.,

14                     Defendants.

15

16        This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate

17   Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1,

18   MJR 3, and MJR 4.  Before the Court is Plaintiff's Motion to Appoint Counsel. Dkt. 61.

19        Having carefully reviewed the motion, objections, and additional briefing, the Court has

20   reconsidered its previously withdrawn order and finds that the complexity of the legal issues

21   present in this case and plaintiff's ability to articulate his claims do not constitute exceptional

22   circumstances to justify the appointment of counsel. Thus, plaintiff's motion to appoint counsel

23   is denied without prejudice.

24

ORDER DENYING MOTION TO APPOINT
COUNSEL - 1

1

2 **BACKGROUND**

3 Plaintiff filed a Motion to Appoint Counsel (Dkt. 61), and due to the Court's error, an

4 Order was issued prior to defendants' response (Dkt. 66).  Defendants' filed an Objection to the

5 Order Granting Plaintiff's Motion to Appoint Counsel.  Dkt 67.

6 The undersigned vacated the Order Granting Plaintiff's Motion to Appoint Counsel (Dkt.

7 66) in order to consider defendants' objection and response.  Dkts. 69, 70. Plaintiff filed a

8 response to defendants' Objection (Dkt. 72) and a reply (Dkt. 74).

9 **DISCUSSION**

10 This case illustrates why full and complete advocacy by both sides is essential to our

11 system of justice.  Both sides have demonstrated their ability to articulate their respective

12 positions – which is one of the reasons why plaintiff's motion for appointment of counsel is

13 denied at this time.

14 No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v.*

15 *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S.*

16 *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

17 discretionary, not mandatory"). However, in "exceptional circumstances," a district court may

18 appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

19 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

20 *grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the

21 Court must evaluate both "the likelihood of success on the merits [and] the ability of the

22 [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."

23 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718

24

F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In its prior Order (Dkt. 66), the Court granted plaintiff' motion to appoint counsel (Dkt. 61) based on the complexity of legal issues raised in his complaint. However, the Court issued its prior ruling without a response from defendants. *See* Dkt. The Court now finds that its prior Order was in error based on the factual and legal arguments raised by defendants. Defendants argue that plaintiff can articulate his claims, as evidenced by his experience with litigating in Washington state courts and that the issues raised in plaintiff's complaint are not particularly complex. Dkt. 70 at 3-5.  In his reply, plaintiff asserts that he has a likelihood of success on the merits, and it would be in the Court's and defendants' best interest to appoint counsel. Dkt. 74 at 2-4.

At this early stage of the litigation, the Court cannot determine whether plaintiff is likely to prevail on the merits.  The Court is fully aware of the seriousness of plaintiff's allegations that he is being denied adequate sexual offender treatment programming ("SOTP"), and that his liberty is dependent on completion of the SOTP program.  Dkt. 13. However, in the absence of more evidence to support his claim, it is unclear whether plaintiff is likely to prevail on the merits. Plaintiff has also made it clear that he is fully capable of articulating his position, and, based on his prior experience in litigating cases before this Court and others, there are no exceptional circumstances to appoint counsel at this time.

The record demonstrates that plaintiff has filed over 50 cases and engaged with opposing counsel and the Court throughout years of legal proceedings. Dkt. 70, Attachment A, Attachment B. Although plaintiff alleges that he fails to grasp the legal concepts that are required to present a

1   claim and that he lacks access to a computer and case law, he submitted two responses to his

2   motion and clearly articulated the standard that applies to his claims.  *See* Dkt. 72 at 1-2, Dkt. 74

3   at 3 (*citing Sharp v. Weston,* 233 F.3d 116, 1172 -73 (9th Cir. 2000)).  Thus, it does not appear

4   that plaintiff has suffered any impediment in litigating this case.

5           All documents filed by a *pro se* litigant are "liberally construed," and "a pro se

6   complaint, however inartfully pleaded," is held to less stringent standards than formal pleadings

7   drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation

8   marks omitted). The Court recognizes that plaintiff's submissions will be subject to this standard.

9   But this does not constitute "exceptional circumstances" for appointment of counsel.

10          Accordingly, plaintiff's motion to appoint counsel (Dkt. 61) is denied without prejudice.

11  Plaintiff may revisit this issue, if appropriate, at a later date.

12          Dated this 28th day of October, 2016.

13

14                                          J. Richard Creatura
                                            United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION TO APPOINT
COUNSEL - 4