UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN E. BETTYS,<br><br>                    Plaintiff,<br><br>     v.<br><br>KEVIN QUIGLEY, et al.,<br><br>                    Defendants. | CASE NO. 3:16-cv-05076-RJB-JRC<br><br>ORDER ON REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendation of Magistrate Judge Richard Creatura. Dkt. 90. The Report and Recommendation makes recommendations about an underlying Motion to Dismiss (Dkt. 85) filed by Defendants. The Court has considered the Report and Recommendation, objections and responses thereto (Dkt. 92-95), the underlying motion and responsive briefing thereto (Dkts. 85, 87, 88), the Complaint (Dkt. 82), and the remainder of the file herein.

ORDER ON REPORT AND RECOMMENDATION - 1

1  For all claims alleged, at least one party objects to the Magistrate Judge's
2  recommendation, so the Court will herein examine the sufficiency of the Complaint as a whole.
3  28 U.S.C. § 636(b)(1)(C).

4  In summary, the Court concurs with and should adopt the following conclusion made by
5  the Magistrate Judge:

6  > [P[laintiff properly has raised a claim regarding conditions of confinement under the Fourteenth Amendment. . .
7  > However, defendants' motion to dismiss plaintiff's Double Jeopardy claim and his *Bounds* claim, as well as his claims under 42 U.S.C. §§1985 and 1986 should be
8  > granted."

9  Dkt. 90 at 29, 30.

10  (1) <u>Standard on Motion to Dismiss</u>.

11  The underlying motion (Dkt. 85) urges dismissal for failure to state a claim under Fed. R.
12  Civ. P. 12(b)(6). "A complaint should not be dismissed under Rule 12(b)(6) unless it appears
13  beyond doubt that the plaintiff can prove no set of facts in support of his claim which would
14  entitle him to relief." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)
15  (internal quotations and citations omitted). Material allegations are taken as admitted and the
16  complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).
17  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual
18  allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires
19  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action
20  will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations*
21  *omitted*).

22  Because the plaintiff in this case proceeds pro se, the Complaint should be liberally
23  construed. "This court recognizes that it has a duty to ensure that pro se litigants do not lose their

24

ORDER ON REPORT AND RECOMMENDATION - 2

1  right to a hearing on the merits . . . due to ignorance of technical procedural requirements."

2  *Balistreri*, 901 F.2d at 699.

3      (2) <u>Conditions of confinement claim(s) Dkt. 82 (¶¶4.1, 4.2, 4.4-4.7, 4.13-4.20)</u>

4      In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the

5  conduct complained of was committed by a person acting under color of state law, and that (2)

6  the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or

7  laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other*

8  *grounds*. Only the second element is contested by Defendants.

9      In the context of civil detention, the Fourteenth Amendment guarantees "greater liberty

10 protections [for civil detainees] than individuals detained under criminal process." *Jones v.*

11 *Blanas*, 393 F.3d 918, 932 (9th Cir. 2004), citing *Youngberg v. Romeo*, 457 U.S. 307, 321-24. "At

12 a bare minimum, [ ] an individual detained under civil process . . . cannot be subjected to

13 conditions that amount to punishment." *Id*. Punishment is presumed when confinement

14 conditions are "identical to, similar to, or more restrictive than, those in which [ ] criminal

15 counterparts are held." *Id*., citing *Sharp v. Weston*, 323 F.3d 1166, 1172-73 (9th Cir. 2000).

16 Stated differently, "[b]ecause the purpose of confinement is not punitive, the state must also

17 provide the civilly-committed with 'more considerate treatment and conditions of confinement

18 than criminals whose conditions of confinement are designed to punish.'" *Sharp*, 233 F.3d at

19 1172, quoting *Youngberg,* 457 U.S. at 322.

20     Applied here, and construing the Complaint liberally, Plaintiff has alleged at least one

21 cognizable conditions of confinement claim under the Fourteenth Amendment. It is alleged that

22 Plaintiff is civilly detained and receives significantly less treatment in the Sexual Offender

23 Treatment Program (SOTP), eight to fifteen hours, than criminal counterparts serving sentences

24

ORDER ON REPORT AND RECOMMENDATION - 3

1  with the Washington Department of Corrections (WDOC), twenty-nine or more hours. Dkt. 82 at

2  ¶4.2. It is further alleged that specific defendants "act[ed] with deliberate indifference and

3  negligence . . . by their failure to act in creating or applying policies" that resulted in this

4  deprivation. *Id*. Based on the alleged deficient mental health treatment, Plaintiff has stated a

5  plausible claim for relief.

6        Defendants take issue with the Report and Recommendation's reliance on *Jones* for the

7  so-called "comparison test," which Defendants opine problematically compares a civil pretrial

8  detainee to a person incarcerated in a long-term correctional institution. Dkt. 93 at 11. Although

9  *Jones* did not compare specifically-named institutions, that court's discussion of the law

10 explicitly suggests that comparison may be a means of parsing out whether a civilly detained

11 person is being subjected to punishment. *See, e.g., Jones*, at 932 ("[civil detention that is]

12 identical to, similar to, more restrictive than . . . criminal counterparts" and "it is also relevant to

13 compare confinement conditions. . ."). Defendants also make the argument, without citation to

14 authority, that Plaintiff is entitled to less treatment as a detainee whose civil commitment

15 proceedings are pretrial status, as compared to civilly-committed detainees. Dkt. 7, 8. However,

16 the Complaint alleges that Plaintiff is civilly committed and does not allege that civil

17 commitment proceedings are at the pre-trial stage. *See generally*, Dkt. 82. Further, the *Jones*

18 court rejected this argument: "It is [ ] relevant to compare confinement conditions of civil

19 detainees *pre-adjudication* to conditions *post-commitment*" because "purgatory cannot be worse

20 than hell." *Jones*, 393 F.3d at 932-33.

21       Beyond the allegedly deficient mental health treatment (*see* Dkt. 82 at ¶4.2), the

22 Complaint alleges a multiplicity of deficient conditions of confinement. *Id*. at ¶¶4.1-4.20. Each

23 of these conditions is alleged as a discrete claim. *See id*. Defendants argue that these ancillary

24

ORDER ON REPORT AND RECOMMENDATION - 4

conditions claims cannot, in isolation or aggregated, meet the constitutional definition of "punishment." Dkt. 93 at 2. The sufficiency of each specific condition need not be addressed now, because the pleadings sufficiently allege a conditions of confinement claim based solely on the mental health treatment allegations. To the extent these other conditions would support that claim, e.g., as evidence that the conditions of confinement are lacking, the allegations are germane to a plausible conditions of confinement claim or claims.

As to the conditions of confinement claim or claims alleged under the Fourteenth Amendment, the Report and Recommendation should be adopted, and Defendants' motion should denied. While the various such claims were treated as a whole by the Magistrate Judge, that is not to say that they should not be examined individually in future proceedings.

(3) <u>Double jeopardy claim (Dkt. 82 at ¶4.3)</u>

The Complaint alleges that the "Fifth Amendment 'Double Jeopardy' [clause was] violated by second punishment through more restrictive civil conditions . . . than conditions of confinement provided [by] criminal counterparts[.]" Dkt. 82 at ¶4.3.

This Court joins the Magistrate Judge in its finding that dismissal with prejudice is warranted. *Seling v. Young*, 531 U.S. 250, 263 (2001), held that an act, "found to be civil, cannot be deemed punitive 'as applied' to a single individual in violation of the Double Jeopardy and *Ex Post Facto* Clauses and provide for [a means of] release." Plaintiff attempts to distinguish *Seling* by narrowly interpreting the case to apply only to a facial challenge of a specific statute, RCW 71.09 *et seq.*, Dkt. 92 at 5, 6, but language in *Seling* points otherwise. *See id*. at 265 ("Our decision today does not mean that . . . others committed as sexually violent predators have no remedy for the alleged conditions").

ORDER ON REPORT AND RECOMMENDATION - 5

1  As to this claim (Dkt. 82 at ¶4.3), the Report and Recommendation should be adopted,
2  Defendants' motion should be granted, and the claim should be dismissed with prejudice.

3  (4) *Bounds* claims (Dkt. 82 at ¶¶4.8-4.10)

4  Well-established is the constitutional right to access courts for everyone, including
5  civilly-committed persons. *Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995). To ensure
6  meaningful access, institutions must provide "adequate law libraries or adequate assistance from
7  persons trained in the law." *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("*Bounds* claim").

8  The Complaint alleges that Plaintiff has been deprived of "legal forms to file criminal
9  appeals, civil appeals, lawsuits, divorce proceedings, child custody modifications, admission,
10 interrogatories, production of documents, subpoenas, and certificates of service." Dkt. 82 at 4.8.
11 Defendants allegedly also failed to provide Plaintiff "with assistance of a contracted attorney" or
12 "legal coordinators in preparing meaningful pleadings." *Id*. at ¶¶ 4.8, 4.9. Finally, it is alleged
13 that Defendants lost an unspecified legal affidavit necessary for an appeal. *Id*. at ¶4.10.

14 This Court joins the Magistrate Judge in its finding that the pleadings fail for the lack of
15 an alleged actual injury of constitutional magnitude. There has been no showing of "actual
16 prejudice with respect to contemplated or existing litigation." *Nevada Dep't of Corr. v. Greene*,
17 648 F.3d 1014, 1018 (9th Cir. 2011). *See, e.g., Lewis*, 518 U.S. at 451. Plaintiff argues that the
18 *Bounds* claims are brought under both the First Amendment and the Fourteenth Amendment; that
19 the Report and Recommendation does not differentiate between the two in its analysis; and that
20 an "actual injury" showing is not required for Fourteenth Amendment purposes. Dkt. 92 at 3.
21 Plaintiff provides no authority for this proposition, and it should be rejected.

22 As to the *Bounds* claims (Dkt. 82 at ¶¶4.8-4.10), the Report and Recommendation should
23 be adopted, Defendants' motion should be granted, and the claim should be dismissed without
24

ORDER ON REPORT AND RECOMMENDATION - 6

1  prejudice. Like the ancillary conditions of confinement claims, the *Bounds* claims may relate to

2  the conditions of confinement claim or claims, and they thus may provide fodder for discovery.

3      (5) Conspiracy claims under 42 U.S.C. §§1985, 1986 (Dkt. 82 at ¶¶4.11, 4.12)

4      The Complaint alleges that, under 42 U.S.C. §1985:

5      Def. Denny and Def. Mingay shared in a meeting of the minds through shared electronic mail . . . in which they directly conspire [*sic*] to deprive the Plaintiff access to required

6      legal forums, legal photocopies and loss of original evidentiary affidavits required in the judicial process, blocking the right to actual justice[.]

7  Dkt. 82 at ¶4.11. The next paragraph, Dkt. 82 at ¶4.12, alleges a claim under §1986.

8      First, the Court considers the claim alleged in ¶4.11, which invokes §1985. 42 U.S.C.

9  §1985 has three sections, two of which do not remotely relate to the facts here. *See* §1985(1) (". .

10  . conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any

11  office . . . or from discharging any duties thereof . . .") and §1985(3) (" . . . two or more persons .

12  . . conspire or go in disguise on the highway or on the premises of another, for the purpose of

13  depriving . . . any person or class of persons of the equal protection of the laws . . .").

14      Section 2 most closely tracks with the alleged facts in ¶4.11 of the Complaint (Dkt. 82),

15  given the allegation that two defendants deprived Plaintiff of the "loss of original evidentiary

16  affidavits." Section 2 in relevant part prohibits: "two or more persons . . [from] conspir[ing] to

17  deter, by force, intimidation, or threat, any party or witness . . . from attending [any] court, or

18  from testifying to any matter pending therein, freely, fully, and truthfully . . ." §1985(2).

19  However, taking the Complaint at face value, this statute is a square peg in a round hole. The

20  statute contemplates conspiratorial actions by two or more defendants in *active* litigation, e.g.,

21  where a witness could be deposed, whereas, ¶4.11 of the Complaint (Dkt. 82) alleges that the

22  defendants conspired to destroy "original evidentiary affidavits." Indeed, Section 2 is subtitled,

23  "Obstructing justice; intimidating party, witness or juror," so Plaintiff's reliance on this statute is

24

ORDER ON REPORT AND RECOMMENDATION - 7

misplaced based on the facts alleged. Paragraph 4.11 fares no better under Section 2's "catch-all" portion, which refers to an "intent to deny . . . equal protection," when there is no allegation that Plaintiff is a member of a protected class.

Second, the Court considers the claim alleged in ¶4.12 of the Complaint (Dkt. 82), which invokes §1986. Because a claim under §1986 presupposes a claim under §1985, the claim alleged in ¶4.12 fails. *See* 42 U.S.C. §1986.

As to the conspiracy claims (Dkt. 82 at ¶¶4.11, 4.12), the Report and Recommendation should be adopted, Defendants' motion should be granted, and the claims should be dismissed without prejudice.

(6) <u>Eleventh Amendment defense</u>

*a.  Official capacity claims*.

According to Defendants, all "official capacity" claims against all defendants should be dismissed under the Eleventh Amendment, because Plaintiff seeks damages, and the state has not waived its sovereign immunity. Dkt. 85 at 19, 20. *See* Dkt. 82 at ¶5.4.

Defendants acknowledge the *Ex Parte Young* exception to the Eleventh Amendment bar to suit, wherein state officials otherwise exempt from suit may liable where the complaint alleges "an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002) (internal citations and quotations omitted). According to the Supreme Court, this is a "straightforward inquiry." *Id*. In the Prayer for Relief, the Complaint does request damages, *inter alia*, but it also requests injunctive relief and declaratory relief. Dkt. 82 at ¶5.4. Therefore, giving Plaintiff the benefit of a liberally construed pleading, the *Ex Parte Young* exception should apply, and the requests for declaratory and injunctive relief should be permitted to proceed. *See* Dkt. 82 at ¶5.4(4), (5). Because previously-

employed persons cannot be the subject of declaratory and injunctive relief, claims alleged against defendants for conduct in a *former* official capacity should be dismissed with prejudice, *to wit*, Kevin Quigley, Mark Strong, Cathi Harris, Holli Coryell, Debora Laroe-Prado, and Becky Denny. *See* Dkt. 82 ¶¶1.2, 1.5, 1.7, 1.9, 1.13, 1.16.

  *b. Personal and individual capacity claims.*

  Although the Eleventh Amendment prohibits recovery for damages against states and their agents acting in their official capacity, it "does not erect a barrier against suits to impose 'individual and personal liability' on state officials under §1983." *Hafer v. Melo*, 502 U.S. 21, 31 (1991). To recover damages from individually-named defendants, the complaint needs to allege sufficient facts to support a plausible theory explaining individual liability. *See Summum v. City of Ogden*, 297 F.3d 995 (10th Cir. 2002) (elements of §1983: (1) conduct by a "person"; (2) who acted "under color of state law"; (3) and proximately caused; (4) a deprivation of a federally protected right). Therefore, the Fourteenth Amendment conditions of confinement claim or claims in this case (*see* Dkt. 82 at ¶¶4.1, 4.2, 4.4-4.7, 4.13-4.20) could give rise to the damages requested (*see* Dkt. 82 at ¶5.4(1), (2), and (3)), insofar as plausible claims are alleged against defendants in their individual and personal capacity.

  However, even when liberally construing the conditions of confinement claim or claims (the remaining claims in the case), the Court does not observe sufficient factual allegations specific to each defendant to give rise to individual liability. *See* Dkt. 82 at ¶¶4.1, 4.2, 4.4-4.7, 4.13-4.20. Individual liability is limited to an enumerated list of employees, with no explanation of how each person participated. *See*, *e.g.*, *id.* at ¶4.2 ("Def. Quigley, Def. Lashway, Def. Clayton, Def. Vanhook, Def. Strong . . . provided Plaintiff merely eight to fifteen hours of core SOTP each month."). This is not enough to give rise to personal liability for each named

1 defendant. Therefore, the request for damages (Dkt. 82 at 5.4(1),(2), and (3)) should be

2 dismissed without prejudice as to all individually-named defendants.

3     (7) Qualified immunity

4     Defendants argue in the alternative that the case should be dismissed because all

5 defendants are entitled to qualified immunity. Dkt. 85 at 20, 21; Dkt. 93 at 9, 10. In analyzing a

6 qualified immunity defense at the pleadings stage, the Court examines the plausibility of the

7 facts alleged as to (1) violation of a constitutional right, (2) whether that right that was clearly

8 established at the time of the incident. *Saucier v. Katz,* 533 U.S. 194 (2001). To be "clearly

9 established," the law must be sufficiently clear that a reasonable official would understand that

10 his or her action violates that right. *Id.* at 201. While courts must look to standards and precedent

11 to determine this prong, it is not necessary that a previous case have been decided on exactly the

12 same facts. *See McCarthy v. Barrett*, 804 F. Supp. 2d 1126, 1143–44 (W.D. Wash. 2011).

13     All claims except those relating to conditions of confinement will be dismissed, *see*

14 *above*, so the Court considers application of qualified immunity as to the conditions of

15 confinement allegations only. Construing them in Plaintiff's favor, the Complaint alleges

16 sufficient facts for this Court to find that there may be a constitutional violation of clearly

17 established law. Two rules undergird this conclusion: (1) "the Fourteenth Amendment Due

18 Process Clause requires states to provide civilly-committed persons with access to mental health

19 treatment that gives them a realistic opportunity to be cured and released," *Sharp v. Weston*, 233

20 F.3d at 1172, and (2) "an individual detained awaiting civil commitment proceedings is entitled

21 to protections at least as great as those afforded to a civilly committed individual and at least as

22 great as those afforded to an individual accused but not convicted of a crime," *Jones*, 393 F.3d at

23 932.

24

Because the conditions of confinement claim or claims should proceed beyond the pleadings to discovery, based on the allegedly deficient mental health treatment, the Court does not reach the applicability of qualified immunity as to other conditions raised. At this juncture, qualified immunity does not exculpate Defendants from official capacity liability for the conditions of confinement claim or claims. The parties should proceed with discovery.

The Court adopts the Report and Recommendation's qualified immunity recommendation. Defendants' motion to dismiss based on qualified immunity should be denied without prejudice.

\* \* \*

THEREFORE, the Report and Recommendation (Dkt. 90) is ADOPTED and supplemented as discussed herein.

Defendants' Motion to Dismiss (Dkt. 85) is DENIED IN PART and GRANTED IN PART as follows:

(1) Conditions of confinement claim(s) (Dkt. 82 at ¶¶4.1, 4.2, 4.4-4.7, 4.13-4.20): The motion is denied.

(2) Double jeopardy claim (*id*. at ¶4.3): The motion is granted. The claim is dismissed with prejudice.

(3) *Bounds* claims (*id*. at ¶¶4.8-4.10): The motion is granted. The claims are dismissed without prejudice.

(4) Conspiracy claims under 42 U.S.C. §§1985, 1986 (*id*. at ¶¶4.11, 4.12): The motion is granted. The claims are dismissed without prejudice.

(5) Eleventh Amendment immunity (*id*. at ¶¶1.2, 1.5, 1.7, 1.9, 1.13, 1.16 and 5.4): The motion is granted as to the following defendants, who are dismissed from the case with prejudice: Kevin Quigley, Mark Strong, Cathi Harris, Holli Coryell, Debora Laroe-Prado, and Becky Denny.
The request for damages (Dkt. 82 at ¶5.4(1), (2), and (3)) is dismissed without prejudice, for all claims, as to all defendants in their individual and personal capacity.

(6) Qualified immunity: Denied without prejudice as to the remaining defendants.

ORDER ON REPORT AND RECOMMENDATION - 11

1   IT IS SO ORDERED.

2   The Clerk is directed to send uncertified copies of this Order to all counsel of record and

3   to any party appearing pro se at said party's last known address.

4   Dated this 4th day of April, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER ON REPORT AND RECOMMENDATION - 12