**UNITED STATES DISTRICT COURT
WSTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| JOHN E. BETTYS,<br><br>                Plaintiff,<br><br>    v.<br><br>KEVIN W. QUIGLEY, et al.,<br><br>                Defendants. | No. 16-cv-5076-RJB-JRC<br><br>ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES AND FOR AN EXTENSION |

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. This matter is before the Court on plaintiff's motion for leave to file excess pages and motion to enlarge time for the filing of his response to defendants' motion for summary judgment. Dkt. 125. Defendants object. Dkt. 126.

Previously, on November 3, 2017, this Court granted defendants' motion for leave to file excess pages in support of their motion for summary judgment. *See* Dkt. 115. Because plaintiff automatically receives "an equal number of additional pages,"

plaintiff's motion currently before the Court requesting additional pages to respond is unnecessary. *See* Local Rules WAWD Civil Rule 7(f)(4). Defendants received and utilized 16 additional pages for their motion, and plaintiff automatically receives the same amount of pages for his brief in opposition. *See id*. To the extent that plaintiff may be seeking more additional pages beyond the additional 16 pages, and seeks to file a response longer than defendants' motion, plaintiff's motion is denied. *See* Dkt. 125.

Plaintiff also requests additional time to respond to defendants' long motion for summary judgment. Defendants complain that plaintiff did not contact them to request an extension, and that he declined to enter into an agreed briefing schedule with them. *See* Dkt. 126, p. 2. Although defendants also contest plaintiff's contention that he is a "mere 'pro se' layman of law struggling to respond," plaintiff actually is proceeding pro se and is not an attorney. For this reason, because defendants' motion is very long, and to give plaintiff a fair opportunity to respond to defendants' motion, plaintiff's motion for an extension is granted. Defendants also are provided an extension for their reply, as requested.

**BACKGROUND**

Plaintiff's underlying § 1983 action alleging unconstitutional conditions of confinement raises various issues, such as the allegation that plaintiff receives less Sexual Offender Treatment Program ("SOTP") hours of treatment while he is being civilly detained as a Sexually Violent Predator ("SVP") than is provided to prisoners. *See* Dkt.

82, ¶ 4.2. In addition to his allegations regarding insufficient SOTP treatment, plaintiff also presents multiple various other types of allegations. *See, e.g., id.* at ¶ 4.17.

**DISCUSSION**

Defendants, in their motion for leave to file an overlength brief, argued that plaintiff's numerous claims "go into detail regarding numerous aspects of daily living at the Special Commitment Center," and that they believed it would "be necessary to exceed the page limit to address these claims sufficiently to provide the Court with a roadmap to reaching a decision." Dkt. 114. The Court found defendants' argument to be persuasive, granted their motion, and they subsequently filed a 40 page motion. *See* Dkt. 117.

Now, plaintiff, proceeding pro se, seeks 9 additional days in which to respond to defendants' motion, until December 20, 2017. *See* Dkt. 125. Plaintiff contends that he is "a mere 'pro se' layman of law struggling through extensive discovery documentation, case-law histories and witness declarations, without any formal legal training to assist him in timely preparing meaningful responsive legal pleadings." *Id.* at 3. Although this self-characterization is disputed, the Court finds it to be persuasive. Plaintiff also indicates that he "must complete obtaining declaratory evidence from all relevant witnesses himself, in addition to researching relevant case-law in response to the defense counsel's over-length motion . . . ." *Id.* at 2-3. This argument, too, the Court finds persuasive.

In order to serve the interests of justice and facilitate a full and fair opportunity for plaintiff to present his position, the Court grants plaintiff's motion for an extension

until December 20, 2017. Defendants complain that they will be prejudiced by such an extension, noting that they likely will not receive plaintiff's brief until after the Christmas holiday, and they have other briefs due and some counsel will be out of the office. *See* Dkt. 126. To alleviate these time constraint issues that granting plaintiff's motion may cause defendants, defendants' request that if his motion is granted that they also be granted an extension (until January 5, 2018) to file their reply, is granted.

## CONCLUSION

For the reasons stated herein, the Court hereby orders that plaintiff's Motion for extension of time is **GRANTED.** Dkt. 125. His motion to file excess pages is **DENIED**.

Plaintiff's response brief, with a maximum of 16 additional pages, is due on December 20, 2017. Defendants' reply brief is due on January 5, 2018. The Clerk's office is directed to re-note this matter for January 5, 2018.

Dated this 7th day of December, 2017.

J. Richard Creatura
United States Magistrate Judge