UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN E. BETTYS,<br><br>                Plaintiff,<br><br>    v.<br><br>KEVIN QUIGLEY, et al.,<br><br>                Defendants. | CASE NO. 3:16-cv-05076-RJB<br><br>SECOND ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on the Report and Recommendation (R&R) of Magistrate Judge J. Richard Creatura. Dkt. 136. The Court has considered the R&R, Plaintiff's Objections thereto (Dkt. 140), Defendants' Response (Dkt. 141), the underlying pleadings (Dkts. 117, 129, 135), and the remainder of the file herein.

The Court vacated the first Order Adopting Report and Recommendation (Dkt. 137) because it was issued without consideration of Plaintiff's Objections. Dkt. 140.

Plaintiff is a pretrial civil detainee at the Washington State Special Commitment Center (SCC) at McNeil Island. Plaintiff raises conditions of confinement claims, alleging deficient mental health care treatment and a multiplicity of other allegedly deficient conditions. *See* Dkt. 82 at ¶¶4.1, 4.2, 4.4-4.7, 4.13-4.20. Plaintiff's basic theory is that, in violation of his Fourteenth

Amendment rights, he has been subjected to conditions of confinement that are not more considerate and less restrictive than his criminal counterparts. This theory was sufficient for the case to survive Defendants' motion to dismiss, giving Plaintiff the chance to conduct discovery. *See discussion*, Dkt. 96 at 3-5, 11. When ruling on the merits of Defendants' motion to dismiss, the Court expressed its concern about the constitutional adequacy of Plaintiff's mental health treatment if, as alleged, it was inferior to that of Plaintiff's criminal counterparts. *Id*. at 10. The Court noted that civilly-committed persons must be provided with treatment giving them a realistic opportunity to be cured and released. *Id*. at 10.

The R&R recommends dismissal of the conditions of confinement claims, because since the filing of this case, an Inspection of Care (IOC) report from October, 2017, notes significant improvements to the mental health treatment provided to SCC detainees that have brought its treatment into alignment with professional standards. Dkt. 136 at 2, 3, 9, 10. SCC detainees receive "a minimum of five hours of core group treatment per week, up to eight hours of additional adjunct groups, one hour of individual therapy, and a therapeutic milieu." Dkt. 136 at 10, citing Dkt. 117 at 18. According to the R&R, the record establishes only that defendants exercised professional judgment when establishing a treatment program and have not made any substantial departures from accepted professional practice. *Id*.

Plaintiff's Objections acknowledge that mental health treatment has improved, but, Plaintiff argues, the treatment is still worse than that for criminal counterparts. Dkt. 139 at 2. Plaintiff opines that he only receives five hours of core group treatment, whereas criminal counterparts receive six hours of the same. *Id*. at 4. According to Plaintiff, this Court is "refusing . . . to uphold the higher Ninth Circuit Court of Appeals" in *Jones v. Blanas*, 393 F.3d at 932 (9th Cir.2004), which held that civil detainees deserve less restrictive conditions of confinement. *Id*.

at 3. The remainder of Plaintiff's Objections repeat or further explain this core argument. *See id*. at 4-10.

This core argument was squarely addressed by the R&R. *See* Dkt. 136. As the R&R reasons, it is uncontroverted that the mental health treatment provided to SCC detainees is, at present[1], sufficient by the professional judgment of Defendants' experts. Dkt. 136 at 9-11. But even if the one hour difference in core group treatment could be constitutionally significant to trigger a presumption of "punishment," the mental health treatment provided *in its sum total* is sufficient, according to the professional judgment of Defendants' experts. *Id*. Their professional judgment is nowhere controverted by the record, so Plaintiff cannot overcome the presumption, even if it applied. *Id*.

The same reasoning should apply to Plaintiff's Objections, which raise the same argument.

THEREFORE, the Court HEREBY ADOPTS the Report and Recommendation (Dkt. 136). Defendants' Motion for Summary Judgment (Dkt. 117) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 29th day of March, 2018.

ROBERT J. BRYAN
United States District Judge

---

[1] The request for damages was previously dismissed; only the request for injunctive relief remained. Dkt. 96 at 11.